Opinion delivered March 21, 1884.

[No. 1658.]

## W. ANGERHOFFER *v.* THE STATE.

SUNDAY LAW—IMMUNITY UNDER MUNICIPAL ORDINANCE.—Being prosecuted for selling liquor on Sunday, in violation of Article 186 of the Penal Code, as amended in 1883, the defendant proved that he was licensed by the State, and by the city of Houston, to retail spirituous liquors, and that the ordinances of the city of Houston made it penal to sell on Sunday between the hours of nine a. m. and four p. m., but imposed no penalty for selling before or after those hours. The charter of the city of Houston empowers its council to "close up dram shops, etc., whenever necessary or expedient," and "to make all needful and proper regulations concerning grog shops," etc. *Held,* that the authority thus conferred on the city council does not enable it to nullify or abrogate the provisions of the general law of the State, nor to shelter the appellant from the penalties imposed by the general law for selling liquor at any hour on Sunday.

APPEAL from the Criminal District Court of Harris. Tried below before the Hon. Gustave Cook.

A fine of twenty dollars was the penalty adjudged against. appellant for selling liquor on Sunday, the third of February,. 1884. The opinion discloses all necessary facts.

*Fisher & Kirlicks*, for the appellant.

*J. H. Burts*, Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE.   Article 186 of the Penal Code was. amended April 10, 1883, so as to read as follows, viz: "Any merchant, grocer or dealer in wares or merchandise, or trader in any lawful business whatsoever, or the agent or employe of any such persons, who shall sell or barter on Sunday shall be fined not less than twenty nor more than fifty dollars; provided this article shall not apply to markets or dealers in provisions as to sales of provisions made by them before nine o'clock, a. m.; nor the sale of burial or shrouding material; provided the sale of newspapers, ice and milk at any hour in the day shall be permissible; provided further, that nothing in this title shall be construed to prevent the sending or receiving of telegraph messages." General Laws, Eighteenth Legislature, pages 66, 67.

At the same session of the Legislature the city charter of the city of Houston was amended by special law.   In the twenty-third section of this amended charter, authority was given the city council, amongst other things, " to close dram shops, drinking saloons and other places where intoxicating liquors are sold, whenever necessary or expedient"   *   *   *   *   *   * and "to make all needful and proper regulations concerning bakers, butchers, keepers of taverns, grog shops and other public houses," etc.   (Special laws, Eighteenth Leg., pp. 18, 19.)

With regard to the sale of intoxicating liquors on Sunday the ordinance of the city of Houston, adopted by the council, made it penal to sell on Sunday between the hours of nine o'clock, a. m., and four o'clock p. m., and there was no ordinance making it penal to sell between nine o'clock, a. m., and four o'clock p. m.

Appellant took out a city license as a liquor dealer, after the passage of this ordinance, and was also licensed under State authority to pursue said occupation.   On Sunday, the third day of February, he sold liquor in the city of Houston to persons, both before nine o'clock, a. m., and after four o'clock, p. m., not selling any between those hours.   He was arrested, tried and con-

victed for a violation of the Sunday law prescribed in Article 186, *supra.*

The defense interposed to the validity of the prosecution and conviction is that, inasmuch as the city charter authorized the city council "to make all needful and proper regulations concerning" "grog shops," etc., and inasmuch as the council by ordinance had made it penal to sell between nine a. m. and four p. m., and had not made it penal to sell before the one and after the other, this ordinance abrogated the State law making it penal to sell before nine a. m. and after four p. m., in the city of Houston, and that the defendant was not amenable and could not be held liable for a violation of the State law which made it penal to sell before nine a. m. and after four p. m., the same as at any other hour of the day, on Sunday.

In support of this proposition we are cited to the Davis case, 2 Texas Court of Appeals, 425. In that case the charter of the city of Waco expressly empowered the council *to license* bawdy houses, and the council passed an ordinance authorizing the granting of such licenses. Davis took out such a license, and, being indicted for keeping a disorderly house, pleaded immunity under his license. We held that the plea was a good one, and the license a protection against the general statute, within the limits of the licensing municipality.

Bawdy houses were absolutely prohibited by the general law when the Waco charter was granted. By virtue of the same power which it had to prohibit, the Legislature conferred express authority to license them in Waco, and this special exemption from the general law, so far as that city was concerned, necessarily repealed the general law.

Selling liquor at any hour on Sunday is absolutely prohibited by law, but the law permits and legalizes it on any other day of the week, by license. There is in existence no law which can legally license it for any part of the day on Sunday. When the Legislature, in the city charter, granted the right to the city of Houston to regulate dram shops, it meant dram shops that were legally existing by virtue of a license under the general law; not that the city could authorize a sale of liquor without any license under the general law, or abrogate the general law by authorizing the pursuit of the occupation without reference or in direct opposition to it. This would have been to have destroyed the operation of the general law, which could not have

been intended, or the Legislature would have so declared explicitly, as in the Waco city charter.

In other words, the Legislature has not said, in the Houston city charter, "you may license that which cannot be licensed under the general law." What did it say? It said, "you may make all needful and proper regulations concerning grog shops." Surely not such as are directly in conflict with and opposition to established law, but such needful and proper regulations as are in conformity with existing law. Nothing is said in the charter about giving the city government control within the city limits over the sale of liquor on Sunday. Nothing is said even about regulating it specially on Sunday. Then the term "regulating" can have no special reference to Sunday, more than to any other day. If it has no special reference to Sunday, then the Sunday law is not affected by it any more than the general law. If the language had been, "may regulate the sale of liquor by grog shops on Sunday," then there could have been no misapprehension as to the extent of the authority or the fact that the intention was to fully empower the city to adopt regulations which might entirely abrogate or materially qualify the operation of the general law. Nothing of the kind was said or done, and the authority conferred cannot be held to extend to a nullification or abrogation of any portion of the Sunday law.

Counsel for appellant cite us to the case of *The State* v. *Clarke*, 54 Missouri, 1. That case was decided by a divided court. The point decided in the case was that the power given to the city council of St. Louis, under the municipal charter, "by ordinance not inconsistent with any law of the State, to regulate bawdy houses," operated as a repeal of the general statute prohibiting them in respect to the city of St. Louis. The general rule enunciated was that "a particular specified intent on the part of the Legislature overrules a general intent incompatible with the specific one." But as stated above, in the Houston city charter there is no particular specific intent that the general Sunday law was in any manner in contemplation when the charter was amended, and the language used which we have been discussing. Without such specific intent is apparent from the language used, or by necessary and inevitable implication, we must and are constrained to hold that the ordinance could neither repeal nor change the general Sunday law; and the judgment is affirmed.

*Affirmed.*